DECISION
{¶ 1} Plaintiff-appellant, Nourou Ba, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, Wausau Underwriters Insurance Company ("Wausau") and St. Paul Fire Marine Insurance Company ("St. Paul"). For the following reasons, we affirm.
 {¶ 2} On March 19, 2001, appellant was walking along Riverside Drive when a vehicle struck him, causing him serious injury. The driver of the vehicle was an underinsured motorist. At the time of the accident, appellant was employed by Riverside Methodist Hospital ("Riverside") and Winegardner Hammons, Inc. ("Winegardner").
 {¶ 3} On February 20, 2002, appellant brought suit against Wausau and St. Paul alleging that he was entitled to underinsured motorist coverage under the business auto policy and commercial general liability policy Wausau issued to Winegardner, and the business auto policy and commercial general liability policy St. Paul issued to Riverside. Appellant's claim that he was an "insured" under these policies was based upon Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, in which the Supreme Court of Ohio held that if an automobile insurance policy insures "you," the policy defines "you" as the named insured, and the named insured is a corporation, then the policy extends underinsured motorist coverage to an employee outside of the scope of employment. In reaching this holding, the Supreme Court of Ohio reasoned that naming a corporation as the insured was meaningless unless underinsured motorist coverage extended to some person, including the corporation's employees.
 {¶ 4} However, the Supreme Court of Ohio recently recognized that Scott-Pontzer was in error when it expanded coverage beyond the intention of either the insurer or the policyholder, i.e., the corporation. Westfield v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 39. Thus, in Galatis, the court limitedScott-Pontzer so that:
Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment.
Id. at ¶ 62.
 {¶ 5} Based upon this change in the law, appellees have each filed motions for summary affirmance of the trial court's judgment.
 {¶ 6} In the case at bar, each policy lists a corporation, either Riverside or Winegardner, as a named insured. None of the policies include language specifically extending underinsured motorist coverage to an employee acting outside the scope of employment. Further, appellant stipulated that he was acting outside the scope and course of his employment with both Riverside or Winegardner at the time of his accident. Accordingly, pursuant to Galatis, appellant is not an insured under any of the instant policies and, thus, he is not entitled to underinsured motorist coverage.
 {¶ 7} For the foregoing reasons, we affirm the judgment of the Franklin County Court of Common Pleas. Because we have affirmed the trial court's judgment upon its merits, we dismiss as moot appellees' motions for summary affirmance.
Judgment affirmed; motions dismissed.
Petree and Wright, JJ., concur.
Wright, J., retired, of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.